UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| STACY GRIGGS, ) | |
| ) | Case No. 3:15-cv-00960 |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| MEDICREDIT, INC., ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |

Now comes the Plaintiff, STACY GRIGGS, by and through her attorneys, and for her Complaint against the Defendant, MEDICREDIT, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Alton, Illinois.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Missouri, which is licensed to do business in Illinois, and which has its principal place of business in Columbia, Missouri.

## STATEMENTS OF FACTS

9. On or about July 17, 2015, Defendant placed a telephone call to Plaintiff in an attempt to collect the aforementioned alleged debt.

10. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant with whom she spoke that she was represented by a law firm with respect to the alleged debt and provided her attorneys' contact information.

11. Despite having received notice of Plaintiff's legal representation, Defendant persistently placed additional telephone calls to Plaintiff in further attempts to collect the alleged debt.

12. Said telephone calls were placed to Plaintiff by Defendant on dates which include, but are not limited to, the following (i.e. this list is not intended to be exhaustive; additional calls were placed by Defendant to Plaintiff on dates other than those listed below):

- July 25, 2015;
- July 27, 2015;

- July 28, 2015;
- July 30, 2015; and
- July 31, 2015.

13. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14. Plaintiff was previously diagnosed with several medical conditions, including anxiety and post-traumatic stress disorder.

15. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

16. As a result of Defendant's actions as outlined above, Plaintiff has suffered actual damages. Specifically, Plaintiff had headaches, lost sleep, and felt very upset after the calls. The headaches and loss of sleep caused increased irritability and, with the worry of future action by Defendant, distracted Plaintiff at her employment. Plaintiff's anxiety prescription, Xanax, is prescribed "as needed," and due to stress, Plaintiff was taking Xanax regularly after Defendant's telephone calls to curb her anxiety symptoms, dull her headaches, and help her sleep.

17. Although Plaintiff did not want to answer phone calls from Defendant after providing notice of representation, her minor son wanted to continue answering the phone. Defendant's incessant phone calls led to shouting arguments between Plaintiff and her son over the phone ringing regularly unanswered. Plaintiff has experienced significant strain in her relationship with her son.

## COUNT I

18. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 17 as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate

## COUNT II

20. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 17 as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

22.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 17 as if reiterated herein.

23.    Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

                                            RESPECTFULLY SUBMITTED,

                                            STACY GRIGGS

                                      By:    /s/ James E. Ford
                                                     James E. Ford
                                                     Attorney for Plaintiff

James E. Ford
Illinois Attorney No. 3127131
Upright Litigation, LLC
1103 Public Square
Benton, IL 62812
Phone: (618) 439-0531
Fax: (618) 435-2730
jamesefordatty@onecliq.net